Jeremy S. Yellin, Esq.
Attorney at Law
419 4th Avenue
P.O. Box 564
Havre, Montana 59501
406-265-3303
jeremy@jyellinlaw.com

Attorney for Plaintiffs

## MONTANA SEVENTEENTH JUDICIAL DISTRICT COURT, VALLEY COUNTY

| | |
|---|---|
| **TAMI KAY LOFTSGAARD and GARTH LOFTSGAARD,** | Cause No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **CITY OF GLASGOW, a Municipal Entity, GLASGOW POLICE OFFICER JOSHUA NOLAN, in his individual and official capacity, and JOHN DOES I-IV,** | |
| Defendants. | |

COME NOW the Plaintiffs, Tami Kay Loftsgaard and Garth Loftsgaard, individually,

and for their claims of relief against the above-named Defendants, state and allege the

following upon their information and belief:

### PARTIES

1.    Plaintiffs Garth and Tami Loftsgaard are husband and wife. They are Montana

citizens who reside in Glasgow, Montana.

2.     Defendant City of Glasgow ("City") is a municipal entity, duly organized and existing under the laws of the State of Montana.  The City includes, and operates, the Glasgow Police Department.

3.     Defendant Police Officer Joshua Nolan ("Officer Nolan"), is employed by the City, and at the times described herein, was working under color of law, was adhering to the City's policies, customs, and/or practices, and was acting within the course and scope of his employment.

4.     Defendant City is vicariously liable for the intentional and negligent acts of Defendant Officer Nolan described herein under the theory of respondeat superior and/or the laws of agency.

5.     Defendant Officer Nolan is sued individually and is his capacity as a City police officer.   By engaging in the conduct herein described, Officer Nolan exceeded the authority vested in him as an officer under the United State Constitution and as an employee of the City.

6.     The identities and capacities of Defendants John Does I-IV are presently unknown to Plaintiffs, but may be agents or employees of Defendant City.

7.     When the names of fictitious Defendants I-IV become known, Plaintiffs will amend the Complaint to substitute their true names and capacities.

## JURISDICTION AND VENUE

8.     The District Court has jurisdiction over the civil claims herein alleged pursuant to § 3-5-302, M.C.A. and 42 U.S.C. § 1983.

9.     The District Court has personal jurisdiction over Plaintiffs by virtue of this Complaint.  The District Court has personal jurisdiction over the Defendant pursuant to Rule 4(B), M.R.Civ.P.

2

10.     Venue is proper in the Montana Seventeenth Judicial District Court, Valley County, Montana, pursuant to § 25-2-122, MCA.

**GENERAL ALLEGATIONS**

11.     The general allegations set forth below are common to all counts of this Complaint and are incorporated in each count as if fully set forth therein.

12.     On April 10, 2020, at approximately 2:00 a.m., Defendant Officer Nolan was notified by dispatch of a 911 report of a vehicle driving through a residential yard, located at 1124 1st Avenue North, in Glasgow, Montana.

13.     Officer Nolan, and other officers, responded to the scene.  Upon arrival at the residence, Officer Nolan observed a Jeep Wrangler stuck in the mud behind the residence.  The owner of the residence advised Officer Nolan that she had observed a person walking away from the Jeep.

14.     Officer Nolan discovered the identity of the Jeep's owner after looking through the glove box.  The owner of the Jeep, Jessica Moore, was thereafter located next door, outside of the front of a residence resided in by Plaintiffs Garth and Tami Loftsgaard.

15.     Plaintiffs were alarmed and came outside of their house, and were concerned about law enforcement's presence on their private property.  Plaintiff Tami Loftsgaard became increasingly concerned and upset after realizing it was her friend that Officer Nolan was detaining.

16.     Officer Nolan instructed Tami to "go inside or go to jail," to which she responded that she was on her own private property.  Officer Nolan instructed her that it "doesn't matter."

3

17.     Officer Nolan then instructed his partner to handcuff Garth Loftsgaard in order to detain him while Officer Nolan approached Tami, and directed her to put her hands behind her back, and thereafter arrested her for obstructing.

18.     Tami advised Officer Nolan that "I know my rights," after which Officer Nolan proceeded to physically restrain and handcuff her. In the process, he She can be heard on Officer Nolan's body cam saying "ow" or "ouch" and "you're hurting me," "stop hurting me," and "why are you hurting me?" and "help me."

19.     Officer Nolan then placed Tami in the back seat of his patrol car. Tami indicated to Officer Nolan that he was trespassing and that her children were inside the house. She can be heard complaining on Officer Nolan's body cam that her handcuffs are too tight, that they are digging into her skin, and that she is in pain. She requested that Officer Nolan loosen the handcuffs, which he ignored.

20.     Officer Nolan then approached Garth. After asking Garth for his name and date of birth, he refused to let Garth return to his residence and asked him if there is anyone sober that he can hand him off to, because he cannot let him return to this house because of the couple's three children inside.

21.     Ultimately, a friend of Garth's was located, notably the same person responding to the scene to tow the Jeep out of the mud. Garth was cooperative, and is not arrested or charged with any criminal offenses.

22.     Officer Nolan then transported Tami to the Valley County Detention Center, where she was ultimately charged with three criminal offenses: Disorderly Conduct, in violation of § 45-8-101, MCA; Obstructing a Peace Officer, in violation of § 45-7-302, MCA; and Resisting Arrest, in violation of § 45-7-301, MCA.

4

23.    Tami went to the hospital the next day and documented the injuries she sustained by Officer Nolan's use of force, including back and neck pain, severe wrist pain, severe bruising on her face and body, and severe bilateral jaw pain.  She incurred medical expenses and will continue to incur medical expenses in the future.

24.    In addition to Tami's physical injuries, both Plaintiffs have suffered compensable emotional injuries and pain, including emotional distress, as a proximate result of Defendants' conduct as described herein.

25.    After a city court trial, and a district court appeal and trial, Tami was ultimately acquitted of all three criminal offenses by a written judgment of the Glasgow City Court, entered September 28, 2020, and a written judgment of this Court, dated April 13, 2021.

## COUNT I:  INTENTIONAL TORT – ASSAULT & BATTERY

26.    Plaintiffs incorporate all of the preceding allegations as if fully set forth herein.

27.    By his actions as described above, Defendant Officer Nolan, while acting within the course and scope of his employment, intentionally subjected Plaintiff Tami Loftsgaard to harmful and offensive physical contact.

28.    By his actions as described above, Defendant Nolan, while acting within the course and scope of his employment, intentionally threatened Plaintiff Tami Loftsgaard with harmful or offensive contact by force, with apparent present ability to carry out the threat, under circumstances which reasonably created her fear of such contact.

29.    As a direct and proximate result of these intentional acts, Plaintiff Tami Loftsgaard suffered serious and ongoing physical and psychological injuries, entitling her to damages in an amount to be proven at trial.

5

## COUNT II: NEGLIGENCE

30.     Plaintiffs incorporate all of the preceding allegations as if fully set forth herein.

31.     Defendant Officer Nolan has a duty to exercise ordinary care and skill and to act and conduct himself in a reasonably prudent manner so as to not interfere with the rights of others, including Plaintiffs.

32.     Defendant City of Glasgow has a duty to train its police officers to exercise ordinary care and skill and to conduct themselves in a reasonably prudent manner so as not to interfere with the rights of others, including Plaintiffs.

33.     While acting within the course and scope of his employment, Defendant Officer Nolan breached this duty and was negligent by violating the constitutional rights of Plaintiffs.

34.     Defendant City of Glasgow and its Police Department ratified Officer Nolan's acts and/or negligently trained Officer Nolan so as to cause, contribute, and/or authorize his actions.

35.     As a direct and proximate result of Defendants' acts of negligence, Plaintiffs suffered serious and ongoing physical and psychological injuries, entitling them to damages in an amount to be proven at trial.

## COUNT III: INVASION OF PRIVACY AND ASSOCIATED RIGHTS

36.     Plaintiffs incorporate all of the preceding allegations as if fully set forth herein.

37.     Article II, Section 10, of the Montana Constitution affords Montana citizens an explicit right to privacy, and, coupled with Article II, Section 11, of the Montana Constitution, offers broader search and seizure protections than the Fourth Amendment to the United States Constitution.

38.     Every Montanan also has a constitutional right to bodily integrity and individual dignity.  Article II, Section 4, Mont. Const.

6

39.     By his actions as described above, Defendant Officer Nolan, acting within the course and scope of his employment, violated Plaintiffs' rights .

40.     Defendants' actions were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiffs and they are entitled to compensatory damages in whatever amount the jury concludes is appropriate.

## COUNT IV:  CIVIL RIGHTS CLAIM, 42 U.S.C. § 1983

41.     Plaintiffs incorporate all of the preceding allegations as if fully set forth herein.

42.     The acts and/or omissions alleged herein by Officer Nolan are indicative and representative of a repeated course of conduct by Defendant City tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiffs.

43.     Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Officer Nolan alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendant City to the repeated violations of constitutional rights of citizens by City police officers, which have included, but are not limited to, using excessive and unreasonable force, and failure to institute and enforce a consistent disciplinary policy.

44.     Plaintiffs further are informed and believe, and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately supervise or hold City police officers accountable for their misconduct, failure to properly and fairly process and/or investigate complaints about officers' misconduct, the failure to enact or adopt policies

7

to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

45.    Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers in making detentions, arrests and/or using force, or using reality based training techniques, workshops and/or simulations.

46.    The aforementioned deliberate indifference, customs, policies and/or practices of Defendants, of which Defendants were aware created a substantial risk of causing substantial harm to citizens like Plaintiffs, resulted in the deprivation of the constitutional rights of Plaintiffs, including, but not limited to, the following:

(a) the right not to be deprived of life, liberty or property without

due process of law;

(b) the right to be free from unreasonable searches and/or seizures

and/or excessive force;

(c) the right to equal protection of the law;

(d) the right to be free from arrest without probable cause; and

(e) the right to enjoy civil and statutory rights. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

47.    Defendants' actions and omissions were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiffs and they are entitled to compensatory damages in whatever amount the jury concludes is appropriate.

8

48.     Defendants' actions were recklessly indifferent to the civil rights of Plaintiffs, and callously disregarded their rights, and punitive damages should be awarded in whatever amount the jury concludes is appropriate.

## COUNT V-MALICIOUS PROSECUTION

49.     Plaintiffs incorporate all of the preceding allegations as if fully set forth herein.

50.     By its actions described above, Defendants commenced and prosecuted an action against Plaintiff Tami Loftsgaard for criminal offenses, in the absence of probable cause, and were responsible for instigating, prosecuting or continuing such judicial proceedings.

51.     The judicial proceedings ultimately concluded in Plaintiff's favor.  Defendants acted maliciously in the initiation of the prosecution.

52.     As a direct and proximate result of Defendants' actions, Plaintiff Tami Loftsgaard suffered damages, compensable in an amount to be proven at trial.

## COUNT VI:  PUNITIVE DAMAGES

53.     Plaintiffs are entitled to an award of punitive damages on their state and federal law claims.

54.     Defendants possessed knowledge of facts that created a high probability of injury and damage to Plaintiffs.

55.     By their actions and omissions as described above, Defendants deliberately proceeded to act in conscious or intentional disregard of the high probability of injury and damage to Plaintiffs.

56.     By its actions and omissions as described above, Defendants deliberately proceeded to act with indifference to the high probability of injury and damage to Plaintiffs.

9

57.     Plaintiffs are entitled to an award of reasonable punitive damages against

Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be awarded and entered in

their favor and prays this Court for the following relief:

1.     For an award of Plaintiffs' general compensatory damages;

2.     For an award of Plaintiffs' special compensatory damages;

3.     An award for punitive damages against Defendants in an amount sufficient to

punish Defendants, such as will be proven at trial;

4.     For an award of Plaintiffs' costs incurred in the prosecution of this action, to the

extent allowed by law;

5.     For an award of Plaintiffs' reasonable attorney's fees incurred in the prosecution

of this action, to the extent allowed by law;

6.     For prejudgment interest to the extent allowed by law; and

7.     For such other legal and equitable relief as the Court deems just and appropriate.

DATED this 25th day of March, 2022.

Jeremy S. Yellin, Esq.

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and hereby demands a trial by jury of all issues triable by a

jury in this matter.

DATED this 25th day of March, 2022.

Jeremy S. Yellin, Esq.

10

Certificate of Service

I hereby certify that on the 28th day of March, 2022, I:

[_X_] Mailed

a copy of the foregoing document to the following:

Valley County Clerk of District Court
501 Court Square, #6
Glasgow, Montana 59230
clerkofcourt.valley@mt.gov

I hereby certify that on the 28th day of March, 2022, I:

[_X_] Process Server, Date Unknown

a copy of the foregoing document to the following:

Anna Rose Sullivan
P.O. Box 1360
Glasgow, Montana 59230

Officer Joshua Nolan
Glasgow Police Department
238 2nd Avenue South
Glasgow, Montana 59230

I hereby certify that on the 28th day of March, 2022, I:

[_X_] Emailed

a copy of the foregoing document to the following:

Tami and Garth Loftsgaard
tk_fuhrman@hotmail.com

Emily A. Vaughn